# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| REGINA SUZANNE MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:21-CV-48 RLW |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's application for an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1)(B). The Commissioner does not object to the request for attorneys' fees but asserts that the amount should be payable to Plaintiff.

### *Background*

On March 31, 2021, Plaintiff Regina Suzanne Morris filed the above-captioned cause of action challenging the denial of her application for disability insurance benefits and supplemental security income benefits under Title II and Title XVI of the Social Security Act 42 U.S.C. §§ 1381 et seq. On January 6, 2022, on the Commissioner's motion, the Court reversed the decision of the administrative law judge ("ALJ") and remanded the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Following the order of remand, Plaintiff's counsel filed the present application for attorneys' fees.

Plaintiff seeks fees for 25 hours of work done by her attorneys at a rate of $207.85 per hour and 5.6 hours for work done by a paralegal at a rate of $100.00. The total amount of fees Plaintiff seeks is Five Thousand Seven Hundred Fifty-Six Dollars and Twenty-Five Cents ($5,756.25). Defendant responded to Plaintiff's motion and did not oppose Plaintiff's request, although Defendant argues that the amount should be payable to Plaintiff, not her attorney.

*Discussion*

The Court finds the award of fees is proper in this case. Section 2412 of the Equal Access to Justice Act (EAJA) provides that a court:

> shall award to a prevailing party . . . fees . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). A plaintiff's attorney is entitled to fees if (1) plaintiff was the prevailing party, (2) the fees were "incurred by that party in [the] civil action" in which the party prevailed, and (3) the defendant's position was not substantially justified. Id. Plaintiff has met all of these requirements in the instant matter. Shalala v. Schaefer, 509 U.S. 292, 302 (1993) ("a party who wins a sentence-four remand order is a prevailing party.") The Court, therefore, will award Plaintiff fees in the amount of Five Thousand Seven Hundred Fifty-Six Dollars and Twenty-Five Cents ($5,756.25). The award shall be made payable to Plaintiff Regina Suzanne Morris. See Astrue v. Ratliff, 560 U.S. 586, 593 (2010) "([the statute] 'awards' the fees to the litigant").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Regina Suzanne Morris's motion for attorneys' fees is **GRANTED.**  (ECF No. 32)

**IT IS FURTHER ORDERED** that Plaintiff is awarded attorneys' fees in the amount of Five Thousand Seven Hundred Fifty-Six Dollars and Twenty-Five Cents ($5,756.25). The award shall be made payable to Regina Suzanne Morris.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   2nd   day of June, 2022.